## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHN FORREST COON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  2:10-cv-08019-IPJ-MHH** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **(Crim. Case No. 2:07-cr-118-IPJ-MHH)** |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

## MEMORANDUM OPINION

Petitioner John Forrest Coon is serving a 180 month sentence that the Court imposed in 2008 after Mr. Coon pled guilty to charges concerning his illegal possession of firearms. Pursuant to 28 U.S.C. § 2255, Mr. Coon asks the Court to vacate, set aside, or correct his federal sentence. (Doc. 1).[1] He contends that the Court should not have applied the career criminal sentence enhancement because the state court convictions that provide the basis for the enhancement are flawed. As explained in greater detail below, the § 2255 motion is due to be denied because Mr. Coon has waived most of his arguments, and he has not demonstrated that his trial or

---

[1] Citations to the record concerning Mr. Coon's §2255 motion appear throughout this Memorandum Opinion as "(Doc. ___)." Citations to the record in the criminal proceedings against Mr. Coon appear as "(Crim. Doc. ___)."

1

his appellate attorney was ineffective.

## I.      PROCEDURAL HISTORY AND BACKGROUND

The indictment in this case charges that on two separate occasions, Mr. Coon, a convicted felon, possessed a firearm in violation of 18 U.S.C. § 922(g)(1).  (Crim. Doc. 1).  To establish that Mr. Coon was a convicted felon at the time of the charged violations of § 922(g)(1), both Count One and Count Two of the indictment list five prior felony convictions, "each of said offenses being a crime punishable by a term of imprisonment exceeding one year."[2]  *Id.* at p. 2.[3]

The Court appointed Kevin Roberts to serve as Mr. Coon's counsel.  (Crim. Doc. Sept. 12, 2007, Minute Entry).  Mr. Coon's attorney negotiated a plea agreement with the Government.  Mr. Coon signed the agreement on October 8, 2007. (Crim. Doc. 23).

According to the plea agreement, the Government was prepared to prove the following facts concerning Mr. Coon's possession of a pistol and an assault rifle:

---

[2]      Specifically, the indictment lists the following convictions:  CC-91-206 (escape, third degree), CC-89-334A (burglary, third degree), CC-90-264 (theft of property, first degree), CC-82-2884 (receiving stolen property), and CC-82-3468 (receiving stolen property).

[3]      Page citations are references to the stamped page numbers in the upper right-hand corner of documents that appear in the electronic CM-ECF file in this matter.

<u>Count One</u>:

On June 16, 2006, Cullman County Sheriff Office Corporal Jeff Clemons received information that the defendant [Coon] was living on Highway 91 near County Road 26, and he also knew that the defendant was wanted for several crimes. An NCIC check revealed that there was a felony warrant for Probation Violation from Jefferson County, so the officer contacted a state Probation Officer, who prepared an arrest order for the defendant.

Two other officers were dispatched to the residence where the defendant was supposedly located, and they observed the defendant driving a small blue car. The defendant mistook the officers for someone else, and the defendant sped away. When the officers attempted to stop the defendant, he accelerated and a chase ensued. After reaching speeds of up to eighty miles per hour, the defendant lost control and crashed his vehicle. Recovered from the driver's side floorboard was a loaded Smith and Wesson 9mm pistol. This firearm had been manufactured outside of Alabama, and it was test fired and functioned as designed.

<u>Count Two</u>:

On November 22, 2006, two Fultondale police officers were on routine patrol when they observed the defendant driving a Dodge Ram truck. After discovering that the license tag was supposed to be on a Chevy Camaro, the officers initiated a traffic stop. The officers approached the vehicle and requested the defendant's license, registration, and proof of insurance. The defendant stated that he had none of these, and the officers saw an assault rifle s[i]tting on the seat next to the defendant. When the officers requested the defendant to exit the vehicle, the defendant sped away. The officers pursued the defendant at high rates of speed, causing other vehicles to run off the road.

The officers lost sight of the defendant, but a few minutes later, they saw the defendant's truck parked in a driveway. Officers spoke

with the owner of the residence, who told them that some guy had just jumped out of the truck and ran down the hill by his residence. The officers found a Maadi 7.62 x 39 caliber rifle on the ground next to the back door of the residence. The officers went back to the front door and were given permission to look through the house. They found the defendant in the basement hiding under a blanket.

The defendant was interviewed by ATF agents on February 13, 2007. After waiving his <u>Miranda</u> rights, the defendant admitted that he was in possession of the rifle when the officers pulled him over, and he admitted to fleeing from the police. He further stated that he drove over to the residence where he threw the rifle in the woods before hiding in the basement. He stated that the gun did not belong to him, and he did not want to get caught with it.

* * *

**The defendant hereby stipulates that the facts as stated above are substantially correct.**

(Crim. Doc. 23, pp. 2-5) (emphasis in original). To establish that Mr. Coon was a convicted felon when he was found in possession of the pistol and the assault rifle, the plea agreement states: "[a]t the time of both of these arrests, the defendant had been convicted of at least the following felony: Theft of Property, First Degree, CC-90-264, February 21, 1991, in the Circuit Court of Covington County, Alabama." (Crim. Doc. 23, p. 4). Mr. Coon does not challenge the validity of the underlying theft of property conviction. (Crim. Doc. 38, pp. 3-6).

The "maximum punishment" section of the plea agreement explains that for each count in the indictment, Mr. Coon faced a maximum sentence of not more than

ten years in prison; however, "**[i]f the defendants has three (3) previous convictions for a violent felony and/or a serious drug offense, the provisions of 18 U.S.C. § 924(e) may apply, which would mandate a term of imprisonment of not less than fifteen (15) years and not more than Life.**"  (Crim. Doc. 23, p. 2) (emphasis in original).  Although Mr. Coon acknowledged the state court conviction that provided the basis for the felon in possession charges, he specifically reserved the right to challenge the state court convictions that the Government planned to use to seek the § 924(e) sentence enhancement. (Crim. Doc. 23, pp. 4-5) ("For sentencing purposes, the defendant reserves the right to contest the other felony convictions listed in the indictment.").

In his plea agreement, Mr. Coon expressly acknowledged that he read the agreement before he signed it and that he discussed the case with his lawyer.  (Crim. Doc. 23, p. 12).  He also denied that he was induced by promises or threats to sign the plea agreement.  *Id.*[4]

---

[4]       The plea agreement contains an appeal/post-conviction waiver provision.  (Crim. Doc. 23, pp. 8-9). The Government did not raise the waiver provision in its response to Mr. Coon's § 2255 petition.  Therefore, the Court does not decide whether that provision forecloses part or all of Mr. Coon's motion.  *See U.S. v. Story*, 439 F.3d 226, 231 (5th Cir. 2006) ("In the absence of the government's objection to Story's appeal based on his appeal waiver, the waiver is not binding because the government has waived the issue. We move to the merits of Story's appeal.").

Mr. Coon signed the plea agreement and initialed each page. (Crim. Doc. 23).[5]

At the hearing concerning his plea agreement, Mr. Coon stated that he was satisfied with the way his lawyer handled his case. (Crim. Doc. 38, pp. 7-9).[6] The Court explained to Mr. Coon that if the § 924(e) career criminal enhancement applied, then there could be no probation or suspension of sentence. Mr. Coon acknowledged that he understood the effect of the potential enhancement. *Id.* at p. 12. The Court scheduled a sentencing hearing on February 12, 2008. *Id.* at p. 18.

In advance of the sentencing hearing, Mr. Coon's attorney filed objections to the presentence report. (Crim. Doc. 24).[7] All of Mr. Coon's objections relate to his

---

[5]     At his plea hearing, in response to questions from the Court, Mr. Coon confirmed that he understood the terms of the plea agreement. (Crim. Doc. 38, pp. 7-14).

[6]     In connection with the plea agreement, Coon and his defense counsel, Mr. Roberts, signed a "Guilty Plea Advice of Rights Certification." (Crim. Doc. 22). One of the provisions of that document states: "I have had enough time to discuss the case with my attorney and to discuss the facts of my case and my constitutional rights. I am satisfied with the services of my attorney and I have no complaints as to the way he/she has handled my case." *Id.* at p. 1. After that provision, there are two blanks for the defendant to either check "Done" or "Not Done." *Id.* Coon checked "Done." *Id.*

[7]     On January 16, 2008, Mr. Coon filed a motion to withdraw his guilty plea. (Crim. Doc. 17). That motion was heard by United States Magistrate Judge, T. Michael Putnam. (Jan. 30, 2008, Minute Entry). At the hearing, Coon asserted an argument that he maintained throughout the criminal proceedings and which he also raises in his § 2255 motion; namely, his belief that two of his prior convictions from Escambia County are invalid because they were wrongly enhanced. Judge Putnam afforded Coon the opportunity to speak to this contention, but he ultimately denied Coon's motion to withdraw his guilty plea. (Crim. Doc. 39, Transcript, Hearing on Mt. to Withdraw Guilty Plea, pp. 7-14). Coon's motion to withdraw his guilty plea was denied without prejudice. *Id.* at p. 34. At the hearing, Judge Putnam stated, ". . . it sounds to me like you don't really have a good basis for withdrawing the guilty plea." *Id.* at p. 23.

contentions that the Court should not treat two Escambia County convictions listed

in the report as violent crimes.  *Id.*  Mr. Coon argued:

> **Part A. Base Offense Level, Paragraph 15.** The probation officer
> suggests that the defendant has sustained two felony convictions for
> crimes of violence (Burglary, Third Degree, CC-89-334A, and Escape,
> Third Degree, CC-91-206) prior to the commission of the instant
> offenses. The defendant admits that a plea was entered to these offenses,
> but said pleas were accepted in violation of the laws of the state of
> Alabama.  The defendant was sentenced as an habitual offender for said
> convictions, but at the time of said convictions, the defendant was not a
> habitual offender as he had received a pardon for the prior felony
> convictions used to enhance his sentence in the above-referenced cases.
> Because the defendant was sentenced as a habitual offender, it is his
> position that those sentences are invalid and unconstitutional and should
> not be counted as prior violent felonies for sentencing guidelines
> purposes under §2K2.2(a)(2).  It is also the defendant's position that at
> the time he was sentenced in Jefferson County, Alabama case CC-03-601
> that the Court, specifically Judge McCormick, did not sentence the
> defendant as a habitual offender, thereby recognizing the fact that the
> Escambia County, Alabama cases, CC-89-334A and CC-91-206, were
> invalid and could not be used to enhance his sentence.  See attached
> copy of the Case Action Summary for case CC-03-601 attached as
> Exhibit 1.
>
> **Part A. Chapter Four Enhancements. Paragraph 21**. It is the
> defendant's position that he has not been convicted of four "violent
> felony" offenses and is not an armed career criminal within the meaning
> of U.S.S.G. § 4B1.4. The defendant re-adopts the arguments made in
> paragraph 1 of the objections to the Presentence Investigation Report
> (PSIR). In addition the defendant would argue that he did not plea nolo
> contendere to the Sale of Cannabis and/or Possession of Cannabis with
> Intent as noted in paragraph 40 of the PSIR, but does admit to a nolo
> contendere plea to possession only. Therefore, the offense of Sale of
> Cannabis should not be used to enhance the defendant's penalties under
> 18 U.S.C. § 924(e)(2)(A)(ii). Based on the foregoing arguments, it is the

defendant's position that only two of his previous felony convictions would qualify as a "violent felony" or "serious drug offense" within the meaning of 18 U.S.C. § 924(e)(2)(A)(ii), those being the two burglary convictions in Santa Rosa County Circuit Court, Milton, FL, case numbers 89-551 and 89-552. With only two violent felony offenses, the defendant does not meet the criteria for being classified as an armed career criminal within the meaning of U.S.S.G. § 4b1.4(b)(3)(B).

(Crim. Doc. 24, pp. 1-2); *see also* (Crim. Doc. 41, p. 4).

At the sentencing hearing, the District Court reviewed Mr. Coon's objections to the sentencing report with his attorney. (Crim. Doc. 41, pp. 4-6). The Court found that Mr. Coon's attorney adequately preserved Mr. Coon's objections even though the attorney did not have access to certain supporting documents that either were lost or unavailable. *Id.* at p. 10. The Government presented the District Court with case action summaries and conviction reports for four convictions that were offered as a basis for sentence enhancement under 18 U.S.C. § 924(e). *Id.* at p. 11. The Government also offered documentation regarding a fifth conviction from Escambia County, Florida. *Id.* at p. 15. That conviction was for a drug offense, the sale of cannabis, to which Coon pled nolo contendere.[8]

---

[8]     As noted above, in his objections to the presentence report, Mr. Coon argued that he pled nolo contendre only to a cannabis possession charge, not to a sale charge. (Crim. Doc. 24, p. 2).

Concerned that the drug conviction might not qualify as a prior conviction for purposes of § 924, the District Court recessed the hearing to research the issue. *Id.* at p. 16.   After reconvening the hearing, the District Court stated:

> I have looked up in the Florida statutes annotated.  And sale of cannabis of 20 grams or more is a class – felony second degree. . . . And a felony in the – second degree felony under Florida law is punishable by imprisonment not exceeding 15 years. So it is appropriately counted by probation in the presentence report.

*Id.* at p. 17.  The Court's finding prompted the following exchange:

> MR. WEIL:    I was just going to say regarding the sale of cannabis issue, my understanding from your previous rulings is that Paragraphs 34, 35, 36, and 37 all count towards the 924(e) application.  So it's – you know, it's not moot in the sense that, you know, I still think you need to make the right ruling, but even if --
>
> THE COURT:    Even without that, it's --
>
> MR. WEIL:    Even without that last one, we still have the necessary three predicate offenses.
>
> THE COURT:    Right.  Yes.  I just want to make sure the presentence report reflects the correct --
>
> MR. WEIL:    I agree.
>
> MR. ROBERTS:    Thank you, Your Honor.

(Crim. Doc. 41, pp. 18-19).  The Court overruled Mr. Coon's objections to the sentencing report.  *Id.* at pp. 11-12, 18-19.

Based on the information contained in the presentence report and on the Court's research, the District Court found that:

> [T]he defendant has three qualifying felonies which are separate and distinct pursuant to 18 U.S. Code Section 924(e)(1). The guideline offense level is 30. And the criminal history category is six. And the advisory guideline imprisonment range is from 180 months to 210 months. Further, the supervised release period is from three years to five years.

(Crim. Doc. 41, pp. 19-20).

The District Court sentenced Mr. Coon on April 7, 2008, to 180 months of imprisonment on both counts of the indictment to be served concurrently. The Court also ordered Mr. Coon to complete 48 months of supervised release. (Crim. Doc. 29).

On April 9, 2008, Coon appealed his conviction to the Eleventh Circuit. (Crim. Doc. 30). In his notice of appeal, he asserted that his sentence exceeded the maximum sentence allowed by law, and he attributed the purported error to ineffective assistance of counsel. *Id.* at p. 1. In his appellate briefing, Mr. Coon focused his argument on the "magistrate judge's decision to deny without prejudice his motion to withdraw his guilty plea." (Crim. Doc. 50, p. 2). Mr. Coon argued that the decision "denied him the opportunity to exercise his constitutionally guaranteed right to a trial of his case, seriously affecting the fairness and integrity of the judicial

10

proceedings against him." *Id.*  The Eleventh Circuit dismissed his appeal on grounds of waiver because Mr. Coon failed to object to the magistrate judge's decision before the District Court.  *Id.* at pp. 4-5.  Mr. Coon did not seek certiorari review in the Supreme Court.  (Doc. 1, p. 2).

On April 13, 2010, Coon filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  (Doc. 1).  As grounds for his § 2255 motion, Coon asserts: (1) the District Court lacked jurisdiction because the state court convictions charged in the indictment were invalid; (2) the sentence imposed is in excess of the statutory maximum because the underlying convictions were invalid, and the Court failed to make a factual inquiry to determine whether § 13A-10-33 is a crime of violence; (3) the Court sentenced Mr. Coon on the basis of false information in the presentence report in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments; (4) the U.S. Attorney and Coon's appointed counsel unduly coerced him into pleading guilty in violation of the Due Process Clause of the Fifth Amendment and the Assistance of Counsel Clause of the Sixth Amendment; (5) ineffective assistance of counsel; (6) the Court deprived him of a full and fair sentencing hearing; and (7) ineffective assistance of counsel on direct appeal.  (Doc. 1).  Since filing his § 2255 motion, Coon filed twenty-one (21) documents titled

11

"Judicial Notice of Adjudicative Facts."[9]  (Docs. 11 - 31).  Those notices have not

been construed as amendments to Coon's motion.  Rather, the Court views them as

supplemental arguments regarding Mr. Coon's original petition.  The Government has

filed a response to Coon's § 2255 motion; accordingly, Mr. Coon's § 2255 motion is

ripe for review.

## II.   DISCUSSION

Section 2255 enables a prisoner to challenge his sentence; however there are

procedural limitations on a § 2255 motion.  Procedural default is one of those

limitations.  (Doc. 3, 5-7).  Generally, if a defendant does not raise an argument

regarding his sentence on direct appeal, then he may not seek collateral review of his

sentence by way of a § 2555 challenge.  *See Massaro v. United States,* 538 U.S. 500,

504 (2003); *Greathouse v. United States,* 2007 WL 1577903, *1 (M.D. Ala. May 31,

2007) ("Ordinarily, if an available claim is not advanced on direct appeal, it is

deemed procedurally barred in a § 2255 proceeding.").  "The procedural-default rule

is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to

---

[9]      In each document, Mr. Coon makes a motion for this Court to take judicial notice,  pursuant
to Federal Rule of Evidence 201, of the contents of each filing.  (Docs. 11 - 31).  After conducting
a careful review of Mr. Coon's filings of "Judicial Notice of Adjudicative Facts," the Court finds that
the documents do not fall within the scope of Rule 201 for either permissive or mandatory judicial
notice.  Accordingly, Mr. Coon's motions for judicial notice are due to be **DENIED**.

by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massoro,* 538 U.S. at 504.

In his brief to the Eleventh Circuit Court of Appeals, Mr. Coon challenged the magistrate judge's order denying his motion to withdraw his guilty plea. (Crim. Doc. 50, p. 2).  He does not present that argument in his § 2255 motion.  Instead, he raises five claims regarding the calculation of his sentence and two claims of ineffective assistance of counsel.  The ineffective assistance of counsel claims are not subject to the procedural-default rule.  *Massoro*, 538 U.S. at 509 (the "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255.").  Mr. Coon's arguments regarding the calculation of his sentence are barred unless he can establish cause and prejudice for not raising them on direct appeal. *See United States v. Frady,* 456 U.S. 152, 167–68 (1982) (petitioner can avoid the procedural bar by showing both cause for the failure to raise the claim on direct appeal and actual prejudice arising from that failure).

A "prisoner collaterally attacking his conviction can establish cause for a procedural default if he can show that 'some objective factor external to the defense impeded counsel's efforts to comply with the ... procedural rule,' or that his attorney's performance failed to meet the *Strickland* standard for effective assistance of

counsel." *Reece v. United States,* 119 F.3d 1462, 1465 (11th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Mr. Coon attributes his failure to raise various issues on direct appeal to ineffective assistance of counsel.  (Doc. 1, pp. 4, 6, 7, 9, 11, 18 n.1, 31, 32-54).  "Ineffective assistance of counsel may satisfy the 'cause' exception to a procedural bar, but only if the claim of ineffective assistance is meritorious." *Williams v. United States*, 2010 WL 4941962, *2 n. 3 (M.D. Ala. Nov. 2, 2010) (citing *Greene v. United States,* 880 F.2d 1299, 1305 (11th Cir. 1989)).  Consequently, Mr. Coon's § 2255 motion turns on his ability to establish that his trial and appellate attorneys were ineffective.

To decide whether Coon's ineffective assistance of counsel claims have merit, the Court applies the familiar framework of *Strickland v. Washington,* 466 U.S. 668 (1984).  Under *Strickland*, to prevail on a claim of ineffective assistance of counsel, the movant must establish: (1) deficient performance — that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice — but for the deficiency in representation, a reasonable probability exists that the result of the proceeding would have been different.  *Strickland v. Washington,* 466 U.S. 668 (1984); *Chandler v. United States,* 218 F.3d 1305 (11th Cir. 2000).  The burden of proving ineffective assistance rests on the movant.  *Chandler,* 218 F.3d at 1315 n.15. A court may decline to reach the performance prong of the standard if it

is convinced that the prejudice prong cannot be satisfied. *Strickland,* 466 U.S. at 697; *Waters v. Thomas,* 46 F.3d 1506, 1510 (11th Cir. 1995).

The performance prong of *Strickland* "requires a petitioner to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment." *Butcher v. United States,* 368 F.3d 1290, 1293 (11th Cir. 2004). The proper measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland,* 466 U.S. at 688. Because a wide range of performance is constitutionally acceptable, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant,* 13 F.3d 384, 386 (11th Cir. 1994). To be unreasonable, the performance must be such that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson,* 257 F.3d 1194, 1216 (11th Cir. 2001).

The prejudice prong of *Strickland* "requires a petitioner to demonstrate that seriously deficient performance of his attorney prejudiced the defense." *Butcher,* 368 F.3d at 1293. In the sentencing context, a petitioner must establish a reasonable probability that, but for counsel's deficient performance, the result of the sentencing

proceeding would have been different. *Glover v. United States,* 531 U.S. 198, 203-04 (2001).

Applying these standards, the Court addresses each of Mr. Coon's claims, in turn.

**A.  Ineffective Assistance of Trial Counsel**

Mr. Coon's ineffective assistance of counsel arguments concerning his trial attorney revolve around a central theme, namely that his attorney failed to persuade the Court that the predicate offense for indictment under 18 U.S.C. § 922(g)(1) and the felony judgments that provide the basis for his sentence enhancement under 18 U.S.C. § 924(e) are flawed, so that the Court improperly considered those prior criminal matters.  For the reasons stated below, the Court is unpersuaded that Mr. Coon's trial counsel was ineffective in addressing these issues or that any potential deficiency in trial counsel's performance prejudiced Mr. Coon's sentencing.

**1.     The Indictment**

Mr. Coon contends that his trial attorney was ineffective because he, "failed to develop record" regarding the predicate offense that provides the basis for his indictment under 18 U.S.C. § 922(g)(1).  (Doc. 1, p. 4).  Mr. Coon's criticism of the indictment is without merit. Consequently, his attorney did not perform inadequately because he did not challenge the indictment.

Section 922(g)(1) makes it "unlawful for any person–who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1).  An indictment under § 922(g)(1) may rest on only one conviction.  In his plea agreement and during sentencing, Mr. Coon did not contest the validity of his Covington County conviction for theft of property, first degree (Circuit Court of Covington County, Alabama, CC-90-264, February 21, 1991), and rightly so.  (Crim. Doc. 23, p. 4; Crim. Doc. 38, pp. 3-6).  That conviction pertains to a Class B felony under Alabama law.  *See* Ala. Code § 13A-8-3(d). It is punishable by a term of imprisonment of up to twenty years.  *See* Ala. Code § 13A -5-6(a)(2).  Thus, Mr. Coon was convicted of a crime punishable by a prison term exceeding one year. *United States v. Smith*, 2009 WL 857493 * 4 (S.D. Ala. Mar. 27, 2009), *aff'd*, 398 Fed. Appx. 495 (11th Cir. 2010) ("Federal authorities are legion for the proposition that this § 922(g) criterion hinges only on the maximum sentence to which the defendant was exposed on the underlying offense of conviction, and not on the actual sentence imposed or the felony/misdemeanor designation of same.") (internal

citations omitted).   Because the one qualifying conviction suffices, Mr. Coon's trial counsel did not err when he failed to challenge the indictment.

### 2.      The Career Offender Enhancement

Mr. Coon argues that his trial attorney was ineffective because he purportedly did not challenge sufficiently the state court offenses on which Mr. Coon's career offender sentencing enhancement rests.   The record does not support Mr. Coon's position.

In addition to the undisputed theft of property conviction, Mr. Coon's indictment identifies four other state court judgments against him:   two 1992 Escabmia County judgments for third degree burglary and escape third degree and two 1982 Jefferson County judgments for receipt of stolen property first degree. (Crim. Doc. 1).  At sentencing, the Government presented case action summaries and conviction reports for the burglary and escape convictions, as well as the other state court judgments listed in the indictment.  (Crim. Doc. 41, p. 11).[10]  As a matter of law, the Court presumes that those convictions are valid.  *Daniels v. United States*, 532

---

[10]      *See United States v. Neri-Hernandes*, 504 F.3d 587, 591 (5th Cir. 2007) ("A case summary obtained from a state court and prepared by a clerk — even if not certified by that court — may be sufficiently reliable evidence of conviction for purposes of enhancing a federal sentence where the defendant fails to put forward any persuasive contradictory evidence.") (internal citations omitted).

U.S. 374, 382 (2001) ("The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255."); *Custis v. United States*, 511 U.S. 485, 490-91 (1994) ("Section 924(e) applies whenever a defendant is found to have suffered 'three previous convictions' of the type specified. The statute focuses on the *fact* of the conviction and nothing suggests that the prior final conviction may be subject to collateral attack for potential constitutional errors before it may be counted. . . . courts *may* count a conviction that has *not* been set aside. ") (emphasis in original).

Mr. Coon focuses much of his argument on the Escambia County convictions. His trial attorney objected extensively to the Court's use of those convictions as a basis for a sentence enhancement. (Crim. Doc. 24; Crim. Doc. 41, pp. 4-6, 10).  The Court considered those objections and overruled them.  (Crim. Doc. 41, pp. 12, 17-19).[11]  His attorney was not deficient in his attempt to persuade the Court that it should not count the Escambia County convictions toward the career criminal enhancement.

---

[11]    Mr. Coon contends that the Court failed to make specific findings of fact at sentencing as to whether two of his Escabmia County convictions were sufficient to constitute predicate felony offenses under 18 U.S.C. § 921(a)(20).  (Doc. 1, p. 23).  His argument is at odds with the record. (Crim. Doc. 41, pp. 4-19).

Moreover, the rationale that Mr. Coon offers for his contention that the Court should not have considered the Escambia County convictions is flawed, so that he suffered no prejudice even if his attorney arguably could have presented his position more forcefully.  As he argued throughout his criminal district court proceeding, Mr. Coon contends in his habeas petition that because the state court erroneously inflated his sentences for the Escambia County convictions, the Government should not have included those convictions in his federal indictment.  (Doc. 1, p. 19; *compare* Crim. Doc. 24, p. 1).[12]  Even if Mr. Coon is correct about the improper sentence enhancements in the Escambia County cases, that does not change the fact that he was convicted of the offenses of burglary and escape.  For purposes of his federal indictment, the conviction, not the length of his sentence, supplies the basis for a federal sentence enhancement.

Alternatively, Mr. Coon contends that the Court should not have used the state burglary and escape convictions in calculating his criminal history points.  The Presentence Investigation Report assigned three criminal history points for the Escambia County burglary conviction and three points for the escape conviction.

---

[12]     Mr. Coon has submitted evidence that indicates that he was pardoned in 1986 on two state convictions of receiving stolen property.  The judge in the Escambia County cases used the pardoned 1986 stolen property convictions as a basis for applying a habitual offender sentence enhancement. (Doc. 11, p. 7; Crim. Doc. 24, p. 1).

(Presentence Investigation Report, pp. 14, 17).   In total, the Escambia County convictions account for six of Mr. Coon's 15 criminal history points.

The sentencing guidelines instruct that three points should be added for each prior sentence of imprisonment exceeding one year and one month, and two points should be given for each prior sentence of imprisonment of at least sixty days.  U.S. Sentencing Guidelines Manual, § 4A1.1 (2008).  Burglary in the third degree and escape in third degree are both Class C felonies under Alabama law; they carry a minimum sentence of one year and one day.  Ala. Code § 13A-7-7; Ala. Code § 13A-10-33; Ala. Code § 13A-5-6(3).  If Mr. Coon had received the minimum sentence for the burglary and escape convictions, and his state convictions had not been enhanced, he still would have received two criminal history points for each conviction under § 4A1.1.  That would produce four total criminal history points for the escape and burglary convictions instead of six — a difference of two criminal history points. Adjusting Mr. Coon's total criminal history by two points, from 15 to 13, would not have changed his criminal history category.  With 13 points, Mr. Coon still would have a criminal history category of VI.  *See* U.S. Sentencing Guidelines Manual, Ch. 5, Pt. A, Sentencing Table (2008) (providing that 13 or more points is a Category VI

criminal history).  Again, Mr. Coon cannot demonstrate that he suffered prejudice because of his attorney's purported inadequate representation.[13]

Finally, Mr. Coon submits that his escape conviction does not qualify as a crime of violence for purposes of sentence enhancement under 18 U.S.C. § 924(e)(2)(B)(i).  (Doc. 1, pp. 25, 27).  In 2001, the Eleventh Circuit held that a "prior escape conviction qualifies as a crime of violence under the career offender guideline."  *United States v. Gay*, 251 F.3d 950, 954 (11th Cir. 2001).  *Gay* involved an escape conviction for walking away from a diversion facility in a non-violent manner.  *Id.* at 952.  When the Court sentenced Mr. Coon in 2008, *Gay* was binding authority, so Mr. Coon's attorney had no legal basis for arguing that the Court should not treat his escape judgment as a crime of violence.[14]

### 3.    Coerced Guilty Plea

---

[13]   On a related note, Mr. Coon seems to suggest that the Court miscalculated his criminal history points because there was no "adjudication of guilt" in some of the cases listed in his presentence report.  The term "prior sentence," as defined in the sentencing guidelines, includes guilty pleas and pleas of nolo contendere.  U.S. Sentencing Guidelines Manual, § 4A1.2 (2008). The presentence report indicates that Mr. Coon either pled guilty or pled nolo contendere in the cases that the Court used in calculating his criminal history points.  Thus, Mr. Coon's argument fails.

[14]   The year after the Court sentenced Mr. Coon, the United States Supreme Court decided *Chambers v. United States,* 555 U.S. 122 (2009).  In *Chambers*, the Supreme Court held that a prior conviction for failure to report was not a crime of violence.  *Id.* at 129-30.  Following *Chambers*, courts have held that a prior conviction for escape in the third degree under Alabama Code § 13A-10-33 is not a violent felony within the meaning of the Armed Career Criminal Act, 18 U.S.C. § 924(e).  *See, e.g., U.S. v. Lowery,* 599 F. Supp. 2d 1299, 1307 (M.D. Ala. 2009).  Mr. Coon's attorney was not ineffective because he failed to predict this post-conviction shift in Supreme Court authority.

Mr. Coon seeks relief from the judgment against him because he believes that his trial attorney and the assistant United States attorney prosecuting his federal indictment coerced him into entering a guilty plea.   (Doc. 1, pp. 32, 36).  Mr. Coon's sworn testimony at his plea hearing undermines his argument:

> Q.   Has anyone promised you any reward or inducement, or has anyone threatened you or anyone you're interested in with being hurt or harmed in order to get you to sign this plea?
>
> A.   No.
>
> Q.   Do you understand that the Court must be satisfied that you're entering this plea freely and voluntarily before I accept it?
>
> A.   Yes.

(Crim. Doc. 38, p. 9).  In addition, Mr. Coon told the Court that he had reviewed the plea documents with his lawyer, that he had enough time to discuss his constitutional rights with his lawyer, and that he was satisfied with the way his lawyer handled his case.  *Id.* at pp. 7-9.  Because "solemn declarations in open court [at the guilty plea hearing] carry a strong presumption of verity," they "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison,* 431 U.S. 63, 74 (1977); *see also United States v. Medlock,* 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the colloquy are true.").

Mr. Coon has "not overcome that presumption here, inasmuch as he has offered no colorable explanation for why he denied experiencing pressure or coercion at the guilty plea hearing, only to insist now that the converse was true." *United States v. Perez-Hernandez*, 2012 WL 32657 *3 (S.D. Ala. Jan. 6, 2012) *aff'd*, 490 Fed. Appx. 275 (11th Cir. 2012); *see also Thompson v. Wainwright,* 787 F.2d 1447, 1459–61 (11th Cir.1986) (holding that district court was not clearly erroneous in concluding that petitioner failed to meet his burden of presenting convincing evidence that his plea was coerced in the face of his earlier testimony that his plea was voluntary and not the product of coercion).[15]   Therefore, he has not established that his trial attorney was ineffective.

### 4.   Renewed Motion to Withdraw Guilty Plea

Finally, Mr. Coon argues that his trial counsel was ineffective because he did not renew Mr. Coon's motion to withdraw his guilty plea.  The record demonstrates that a second motion would have been fruitless.

---

[15]   Though it does not constitute "evidence" as such, Mr. Coon baldly asserts that his trial attorney, fueled by racial prejudice, failed to investigate whether the state cases charged in the indictment were proper, failed to advise Coon so he could make an informed decision to plead guilty, and misrepresented the law. (Doc. 1, p. 32).  The record contradicts Mr. Coon's allegations.  Mr. Coon acknowledges that his attorney obtained a copy of the pardon that affected his Escambia County sentences. *Id.* at pp. 19, 39.  The record establishes that Mr. Coon's attorney attempted, to no avail, to obtain a trial transcript from the Escambia County cases.  At sentencing, Mr. Coon explained at length why it was difficult to get a copy of the transcript.  (Crim. Doc. 41, pp. 4-11).  As discussed at page 19, above, Mr. Coon's trial counsel filed objections to the presentence report, arguing, as Coon does here, that the Court should not consider Escambia County convictions.  Mr. Coon has offered no evidence of inadequate representation.

On January 16, 2008, defense counsel filed a motion to withdraw guilty plea on behalf of Mr. Coon.  (Crim. Doc. 17).  United States Magistrate Judge Michael Putnam heard that motion on January 30, 2008.  At the hearing, Mr. Coon spoke extensively about his belief that his prior state felony convictions were invalid. Ultimately, the magistrate judge denied Coon's motion to withdraw his guilty plea without prejudice.  (Crim. Doc. February 5, 2008, Margin Order).

"There is no absolute right to withdraw a guilty plea."  *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) (citing *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988)).  In denying Mr. Coon's first motion to withdraw his guilty plea, Judge Putnam commented, "it sounds to me like you don't really have a good basis for withdrawing the guilty plea."  (Crim. Doc. 39, p. 23).  Because there is nothing in the record to indicate a change in circumstances that would have led the Court to a different conclusion had Mr. Coon renewed his motion, Mr. Coon has not established that his trial attorney's failure to renew the motion to withdraw the guilty plea falls outside the scope of reasonably competent assistance.  *See United States v. Daniels*, 2008 WL 953695 *6 (W.D. La. Apr. 8, 2008) ("Moreover, Daniels provides no evidence of or reasons why the court would greet his renewal of the motion to withdraw his guilty plea with anything other than an affirmation of its previous denial. Thus, any renewed motion by the defendant to withdraw his guilty plea would

likely have been fruitless."); *United States v. Maisonet*, 2003 WL 21638209 *3 (S.D.N.Y. July 10, 2003) ("The circumstances had not changed, however, and still no basis existed to permit Maisonet to withdraw his plea. The Court would have denied any such renewed motion, and counsel's failure to renew the motion did not constitute ineffective assistance.").

### B.    Ineffective Assistance of Appellate Counsel

Mr. Coon also expresses dissatisfaction with his appellate counsel's work.  Mr. Coon criticizes him because the "trial court was infected with errors," and appellate counsel did not address all of those purported errors in Mr. Coon's appellate briefs. Coon argues that his appellate counsel had a duty to raise those "errors" on direct appeal.  (Doc. 1, p. 53).  Identifying the errors that he believes his appellate counsel should have raised, Mr. Coon references the arguments in his § 2255 motion.  As discussed in detail in this opinion, the Court finds those arguments unpersuasive. "Appellate counsel is not ineffective for failing to raise claims 'reasonably considered to be without merit.'"  *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000)

(internal citations omitted).   Therefore, appellate counsel was not ineffective for failing to raise the arguments on direct appeal.[16]

## C.   Motion for Evidentiary Hearing

Mr. Coon asks the Court for an evidentiary hearing. (Doc. 10).  As grounds for the hearing, Mr. Coon says has discovered new evidence.  *Id.*   The Court has reviewed this evidence and finds that the majority of the documents that Mr. Coon has collected are already in the record.  With respect to the few documents are not in the record, the Court is unconvinced that these documents are material or relevant to

---

[16]   Mr. Coon asserts that his appellate attorney should have argued to the Eleventh Circuit Court of Appeals that his Escambia County escape conviction did not qualify as a violent felony. (Doc. 1, p. 54).  In support of his argument, Mr. Coon cites *United States v. Lowery*, 599 F. Supp. 2d 1299 (M.D. Ala. 2009).  That decision and the United States Supreme Court's *Chambers* decision were released on March 3, 2009, and January 13, 2009, respectively. The Clerk of Court issued a Certificate of Readiness, triggering the briefing schedule on Mr. Coon's appeal, on July 11, 2008. (Crim. Doc. 44).  According to records maintained by the United States Court of Appeals for the Eleventh Circuit, Mr. Coon's appeal brief was filed on September 5, 2008, and the United States filed its appeal brief on January 5, 2009.  Therefore, the briefing for Mr. Coon's appeal was complete before the *Chambers* opinion became controlling authority for Mr. Coon's argument that his escape conviction was not a violent crime.  Also, the Eleventh Circuit dismissed Mr. Coon's appeal on April 14, 2009, and held that Mr. Coon waived his right to appellate review of the magistrate judge's denial of Mr. Coon's motion to withdraw his guilty plea because he "failed to object to the magistrate judge's decision before the district court."  (Doc. 50, pp. 2-4).  The Eleventh Circuit further noted that, under the "plain error" standard of appellate review, "[t]he record demonstrates that [Mr. Coon] knowingly and voluntarily entered into a written plea agreement with the assistance of counsel.  As such, the denial of [Mr. Coon's] motion to withdraw his guilty plea ... does not affect the fairness, integrity, or public reputation of judicial proceedings."  *Id.* at p. 5 n. 2 (internal marks and citations omitted).  Consequently, Mr. Coon's appellate counsel is not ineffective for failing to raise the *Lowery* and *Chambers* decisions on appeal.  *See United States v. Andrews*, 2010 WL 1252415 at *2 (M.D. Ala. Feb. 22, 2010) ("defendants are not entitled to an attorney capable of foreseeing the future development of constitutional law") (citing *Thompson v. Wainwright,* 787 F.2d 1447, 1459 n.8 (11th Cir.1986)).

Mr. Coon's § 2255 motion.  As explained in *Holmes v. United States*, 876 F.2d 1545, 1552-53 (11th Cir. 1989):

> Section 2255 provides that in an action to vacate or correct the sentence, the court shall grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. Sec. 2255. *See Baker v. United States,* 781 F.2d 85, 92 (6th Cir.1986). As the former Fifth Circuit stated in *Guerra v. United States,* 588 F.2d 519 (5th Cir.1979), this rule does not require that the district court hold an evidentiary hearing every time a section 2255 petitioner simply asserts a claim of ineffective assistance of counsel: "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record." *Id.* at 520-21.

*Holmes*, 876 F.2d at 1552-53.  Accordingly, Mr. Coon's motion for an evidentiary hearing is due to be **DENIED**.

## III.   CONCLUSION

Based on the foregoing, this § 2255 motion is due to be **DENIED** and this matter to be **DISMISSED WITH PREJUDICE**.   Mr. Coon's motion for an evidentiary hearing is due to be **DENIED**.  (Doc. 10).  Also, Mr. Coon's twenty-one motions for judicial notice of adjudicative facts are due to be **DENIED**.  (Docs. 11 - 31).  The Clerk of Court will be **DIRECTED** to terminate all remaining motions as **MOOT** and to serve a copy of this memorandum opinion upon Mr. Coon and counsel for the Government.

A separate Order will be entered consistent with this Memorandum Opinion.

**DONE** this 11th day of September 2013.

INGE PRYTZ JOHNSON
SENIOR U.S. DISTRICT JUDGE